IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.  )<br>)<br>ANTHONY MONTELEONE,  )<br>)<br>Defendant.  ) | Criminal No. 18-74 |

MEMORANDUM ORDER OF COURT

Before the Court is Defendant's Motion for Early Termination of Probation. ECF 439. The Government filed a Response in Opposition. ECF 441. The Court will deny the Motion for the reasons set forth herein.

Defendant was charged with, and pled guilty to, one count of conspiracy to distribute and possess with intent to distribute a quantity of cocaine. ECF 191. On July 10, 2019, this Court sentenced Defendant to a 3-year term of probation with home detention for the first 90 days, representing a downward variance from his guideline range of 10 to 16 months imprisonment.

When this Court concluded that a 3-term of probation was an appropriate sentence, this Court carefully and thoughtfully applied the sentencing guideline factors set forth in 18 U.S.C. § 3553. During the sentencing hearing this Court discussed: the nature and circumstances of Defendant's offense, as well as the history and characteristics of Defendant, the need for the three-year probationary sentence to adequately deter criminal conduct, and importantly, to protect the public from further crimes of this Defendant while providing him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. At the time of sentencing, this Court also considered the sentencing guideline range established by the Sentencing Commission, any pertinent policy statement issued

1

by the Sentencing Commission, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

This Court may terminate Defendant's term of probation early as Defendant requests, if the Court "after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. §3564(c).

In support of his request for early termination, Defendant notes the following: (1) he has not violated any of the terms of his supervision; (2) he has remained gainfully employed as a lab technician working 40 hours per week and is an "exemplary employee;" (3) he remains "active and compliant with his substance abuse treatment program;" (4) he volunteers to assist others with substance abuse issues; (5) he has maintained a stable home life; and (6) he does not present a danger to the public nor is he at risk for recidivism. ECF 439, p. 2.

Countering his points for termination of probation, the Government notes that Defendant is meeting the demands of his probationary conditions. The Government points out that Defendant's ability to achieve the goals of supervision while on probation may be because he must comply with the goals of supervision or face repercussions, including a jail sentence. ECF 441, p. 3.

The Court concurs with the Government on this point. To receive a termination of probation for doing what this Court required Defendant to do during the term of his three-year probationary sentence, does not serve the interests of justice in this case. While this Court would encourage Defendant to continue to comply with the terms of his probation, especially the terms that require compliance with and supervision, employment, and drug rehabilitation which, in turn, enable Defendant to more easily refrain from committing further crimes, the Court finds

that to terminate his probation early would undermine the reasons this Court proscribed a three-year probation sentence in the first instance.

  This Court is not alone in finding that compliance with the specific requirements of one's probation does not automatically lead to a reduction in a term of probation.  See, *i.e. U.S. v. Rusin,* 105 F.Supp.3d 291 (S.D.N.Y. 2015) (Defendant's diligent and prompt attendance at mandatory meetings scheduled with her court-appointed parole officer was not an exceptional circumstance warranting early termination of her probation, where defendant did nothing more on probation than what she was required to do by law); and *United States v. Ferrell*, 234 F.Supp.3d 61 (D.D.C. 2017) (Defendant was not entitled to early termination of her probation term, even though defendant had generally complied with the terms of her probation, obtained steady employment, and participated in counseling program, no other changed circumstances altered the sentencing court's original analysis or made original sentence unduly harsh).

  In addition, this Court considers analogous, the issue of early termination of supervised release.  Courts within the Third Circuit have reached the conclusion that mere compliance with the terms of supervised release is what is expected, and without more, may be insufficient to justify early termination of supervised release.  Recently in *United States v. Melvin*, the Court of Appeals for the Third Circuit explained:

> We think that "[g]enerally, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it.  *Davies*, 746 F. App'x at 89 (emphasis added) (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

978 F.3d 49, 53 (3d Cir. 2020).

Applying the Court of Appeals' rationale in *Melvin* to instant case, again noting that it is analogous to the instant request for an early termination of probation, Defendant did not what – if anything changed in the interim – from the date of this Court's sentencing (July 10, 2019), until the present – which would justify an early end to his term of probation. Defendant has presented no changed circumstances which alter this Court's original Section 3553 analysis, nor which make his 3-year probationary original sentence unduly harsh. For these reasons, Defendant's Motion for Early Termination of Probation is DENIED.

SO ORDERED, this 22nd day of April 2021.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record